# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| CHARLES DEMPSY MILES, JR )<br>BARBARA JEAN MILES ) | District Court Case No. 09 CV 02973JLK |
| ────────────────────── ) | |
| CHARLES DEMPSY MILES, JR. )<br>BARBARA JEAN MILES, )<br>                Appellants ) | |
| v. ) | |
| ) | Bankruptcy Case No. 05-14002ABC |
| WELLS FARGO BANK, NA., )<br>SUCCESSOR BY MERGER TO WELLS )<br>FARGO BANK MINNESOTA, N.A., AS )<br>TRUSTEE F/K/A NORWEST BANK )<br>MINNESOTA, N.A. AS TRUSTEE FOR )<br>THE REGISTERED HOLDERS OF )<br>TERWIN MORTGAGE TRUST, ASSET )<br>BACKED PASS-THROUGH )<br>CERTIFICATES, )<br>                Appellee ) | |

## APPELLEE'S ANSWER BRIEF

ORAL ARGUMENT IS NOT REQUESTED.

**HELLERSTEIN & SHORE, P.C.**
David A. Shore, #19973
Scott D. Toebben, #19011
Dana M. Arvin, #18699
5347 S. Valentia Way, Suite 100
Greenwood Village, 80111
Telephone:  (303) 573-1080
FAX Number:(303) 571-1271
E-mail:  dshore@shoreattys.com
stoebben@shoreattys.com

## TABLE OF CONTENTS

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION.......................................................1

STATEMENT OF THE ISSUES AND APPLICABLE STANDARD OF APPLLATE REVIEW..............1

STATEMENT OF THE CASE.........................................................................................................2

STATEMENT OF THE FACTS.......................................................................................................2

STATEMENT OF THE LAW..........................................................................................................6
    A.    DEBTORS' LISTING OF THE DEBT AS WELL AS CREDITOR'S AGENT IN SCHEDULE D IS AN ADMISSION OF FACT THAT A VALID DEBT EXISTED AND THE PROPER PARTY IN INTEREST WAS REQUESTING RELIEF.........................................................................................................6
    B.    THE BANKRUPTCY COURT FOUND ALL THE ELEMENTS NECESSARY TO GRANT CREDITOR'S MOTION FOR RELIEF FOR RELIEF FROM THE AUTOMATIC STAY.......................................................................................7

CONCLUSION...............................................................................................................................9

## TABLE OF AUTHORITIES

Cases

*Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 506 (BAP 1st Cir. 2009)................6

*In re: Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001)...............................................................6

*In re Jacobson*, 402 B.R. 359, 367-8 (Bankr. Wash. 2009)..............................................................8

*McEwen v. City of Morman*, 926 F. 2d 1539, 1539, 1553-54 (10th Cir. 1991)...................................1

*MERS, Inc. v. Chong*, No. 09-661 (D. Nev. 2009).........................................................................7

*MERS, Inc v. Medina*, Dist. Ct. Case No. 09-CV00670; 2009 U.S. Dist LEXIS 121998 (U.S. Dist. Nev.2009)...........7

*Moothart v. Bell*, 21 F. 3d 1499, 1504 (10th Cir. 1994).................................................................1

*In re Padilla*, 2008 Bankr. Lexis 2616, (October 14, 2008)..............................................................2

*Pursifull v. Eakin*, 814 F. 2d 1501, 1504, 1506 (10th Cir. 1987).....................................................2

*Torgenrud v. Wolcott (In re Woldcott)*, 194 B.R. 477, 483 (Bankr. D. Mont. 1996)..............................6

Statutes & Rules

11 U.S.C. §§ 101, *et seq*...............................................................................................3

11 U.S.C. § 362 (c) (2) (C)............................................................................................3

11 U.S.C. § 362 (d).......................................................................................................9

11 U.S.C. § 362 (d) (1) &(2)......................................................................................4, 5

11 U.S.C. § 362 (d) (2) (B)............................................................................................5

11 U.S.C. § 727............................................................................................................3

C.R.S. § 38-38-101 (1) (b) (I).......................................................................................9

Fed. R. Evid. 801 (d) (2)...............................................................................................6

Appellee, Wells Fargo Bank N.A. Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A. as Trustee for the Registered Holders of Terwin Mortgage Trust, Asset Backed Pass-Through Certificates, Series TMTS 2003-8HE (the "Creditor" or "Appellee"), by and through its undersigned counsel, hereby files its Response Brief, as follows:

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

Appellee incorporates the Basis of Appellate Jurisdiction set forth in the Brief of Appellants.

## STATEMENT OF THE ISSUES AND APPLICABLE STANDARD OF APPELLATE REVIEW

Appellee incorporates the Issues Presented as listed in the Brief of Appellants, but sets forth the following as the Applicable Standard of Appellate Review:

"Relief from stay for cause is a discretionary determination made by the bankruptcy court on a case by case basis. An appellate court reviews a lower court's decision regarding stay relief under an abuse of discretion standard. Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *In re Padilla*, 2008 Bankr. LEXIS 2616, (October 14, 2008), *citing Pursifull v. Eakin*, 814 F.2d 1501, 1504, 1506 (10th Cir. 1987); *see also Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994), *citing McEwen v. City of Morman*, 926 F.2d 1539, 1553-54 (10th Cir. 1991).

1

## STATEMENT OF THE CASE

On November 5, 2009, Creditor filed a Motion for Relief from Automatic Stay ("Motion for Relief" or "Motion") in order to foreclose a deed of trust dated April 4, 2003 and recorded in the Boulder County Clerk and Recorder's Office on May 13, 2003, at Reception No. 2440120 ("Deed of Trust") encumbering certain real property of the bankruptcy estate located at 4446 N. 109th St., Lafayette, Colorado 80026-9660. Debtors filed a timely Response to Motion for Relief from Stay on or about November 25, 2009. On December 3, 2009, the U.S. Bankruptcy Court for the District of Colorado, Honorable Bruce A. Campbell presiding, granted Creditor's Motion upon conclusion of the preliminary hearing. It is this Order Granting Relief from Automatic Stay dated December 4, 2009 which is the subject of the present appeal.

## STATEMENT OF THE FACTS

1. On April 4, 2003, Debtor Charles D. Miles executed a promissory note in the amount of $620,000.00 ("Note") and the Deed of Trust to secure the Note. The Deed of Trust recited the legal description of the encumbered property, tax parcel number and street address of 4446 N. 109th St., Lafayette, Colorado 80026-9660. The Deed of Trust identifies the lender and payee of the Note as Finance America, LLC d/b/a FinAm, LLC. Record on Appeal ("ROA"), Appellants' Designation of Record On Appeal Bankruptcy Docket No. 254 ("Bk Docket"), Motion for Relief from Stay, Bk Docket No. 237.

2. The Note and Deed of Trust were subsequently assigned to Appellee herein (the "Creditor"). *See* Lost Note Affidavit and Lost Instrument Bond, ROA, Bk Docket No. 244.

3. On March 4, 2005, the Debtors filed for Chapter 13 Bankruptcy protection, U.S. Bankruptcy Court for the District of Colorado, Case No. 05-14002 ABC (the "Bankruptcy").

4. On March 31, 2005, the Debtors filed their First Set of Schedules and Statements in the Bankruptcy. On Schedule D, "Secured Creditors," the Debtors listed Ocwen Mortgage for the amount of $660,000.00, identifying the debt "for" "2003 - mortgage on 4446 109th St.," Lafayette, Colorado, County of Boulder, and stating a current market value of $660,000.00 ( the "Property"). ROA, Bk Docket No. 17.

5. On June 30, 2005, the case was voluntarily converted to Chapter 7 under the U.S. Bankruptcy Code. 11 U S.C. §§101, *et seq*.

6. On January 1, 2006, the Debtors amended their schedules--Schedule D, "Secured Creditors," still listed Ocwen Mortgage for the 2003 mortgage against the Property but increased the value of the Property to $760,000.00. ROA, Appellee' Designation of Record, Bk Docket No. 85.

7. On September 13, 2007, the Debtors discharge order entered pursuant to 11 U.S.C. §727. Bk Docket No. 154; ROA, Appellee Designation of Record, Discharge Order, Bk Docket No. 154.

8. The stay was dissolved as to Debtors' interest in the Property upon entry of the Debtors' discharge order. 11 U.S.C. § 362(c)(2)(C).

9. On November 5, 2009, Creditor filed a Motion for Relief from Automatic Stay (the "Motion") in order to foreclose the Deed of Trust encumbering the Property. A copy of the Deed of Trust was attached to the Motion. ROA, Bk Docket No. 237.

10. On December 3, 2009, the U.S. Bankruptcy Court for the District of Colorado, Honorable Bruce A. Campbell presiding, granted Creditor's Motion upon conclusion of the preliminary hearing, from which a written Order Granting Relief from Automatic Stay was

3

issued on December 4, 2009. 11 U.S.C. §362(d)(1) & (2); ROA, Transcript, at pp.6-9; ROA, Order Granting Relief from Automatic Stay, Bk Docket No. 258.

11. In granting the Motion, the Court relied upon Creditor's exhibits and offers of proof, among which included copies of the Deed of Trust, a Lost Note Affidavit executed by Finance America, LLC dba FinAm, LLC ("Affidavit") (which on its face states that the Creditor is the owner of the Note and Deed of Trust) and a Lost Instrument Bond issued by The Travelers Casualty and Surety Company of America, Bond No. 105196469-5 ("Bond") (which identifies Creditor as the entity seeking to foreclose the Deed of Trust) (collectively the "Affidavit and Bond"). ROA, Transcript, at p.3, lns. 7-17, ¶2; Appellee's List of Witnesses and Exhibits, including copies of all exhibits for hearing, Bk Docket No. 244 (Appellants' Designation of Record No. 3).

12. The Affidavit and Bond not only identify Creditor as the owner of the Note and Deed of Trust, but also identify Ocwen Loan Servicing, LLC, as both the original lender's agent and attorney-in-fact as well as Creditor's agent and attorney in fact. *Id.*

13. Creditor's exhibits included a loan payment history for the Note, showing that the Debtor had not made a payment on the subject debt since February of 2004. ROA, Transcript, at p.3, lns. 1-6 & 13-17; Loan Payment History, Bk Docket No. 244. The unrebutted evidence at hearing was that a deficiency of $410,111.54 had accumulated in over six years of Debtor's failure to make payments, in escrow advances made by Creditor, as well as accumulated late fees and other amounts coming due under the terms of the Note and Deed of Trust, resulting in a total debt due and owing of $1,025,953.12. The Debtors offered no evidence of valuation of, let alone equity in, the Property beyond the valuation relied upon by Creditor in Debtors' schedules. ROA, Transcript, at p.6, lns. 9-15. *See also* Loan Payment History, Bk Docket No. 244, at p.32.

14. Creditor provided sufficient evidence to show that there was no equity in the Property. 11 U.S.C. § 362(d)(1) & (2); ROA, Transcript, p. 6, lns. 9-15. *See also* Loan Payment History, Bk Docket No. 244, at p.32.

15. Because the Bankruptcy is a Chapter 7 case, the Property is not necessary for an effective reorganization. ROA Transcript at p.6, lns. 9-15. *See also* Loan Payment History, Bk Docket No. 244 at p.32; 11 U.S.C. § 362(d)(2)(B).

16. The Bankruptcy Court found that based upon the proffered evidence, there was "cause" to grant Creditor relief from stay. ROA, Transcript at p.7, lns. 1-15.

17. Debtors offered no documents or other evidence at the preliminary hearing disputing Creditor's evidence of Debtor's loan obligation, security therefor, default thereunder and lack of any equity in the Property encumbered by the perfected lien of the Deed of Trust. The only argument raised by Debtors was that the evidence proffered by Creditor did not show that Creditor was the real party in interest. *See generally*, ROA, Transcript at pp.4-6.

18. In making its ruling on cause, the Bankruptcy Court found that there was "sufficient evidence before the Court that movant has a stake and -- and that the bankruptcy trustee has no interest ...." in the Property. The Court noted that the issue of proper party could be addressed in a more appropriate forum. ROA, Transcript at p.7, lns. 14-22.

## STATEMENT OF THE LAW

### A. DEBTORS' LISTING OF THE DEBT AS WELL AS CREDITOR'S AGENT IN SCHEDULE D IS AN ADMISSION OF FACT THAT A VALID DEBT EXISTED AND THE PROPER PARTY IN INTEREST WAS REQUESTING RELIEF

Both Schedule D of Debtors' First Set of Schedules and Statements, as well as their Amended Schedule D, identified a first mortgage debt owed to Ocwen Mortgage, Appellee's servicing agent. After having listed an obligation in their Bankruptcy schedules, and being discharged therefrom, Debtors' cannot later deny the existence of that obligation. Generally, a bankruptcy court may properly consider a debtor's petition, schedules and statement of affairs as evidentiary admissions made by the debtor. *See* Fed. R. Evid. 801(d)(2) (providing that a statement is not hearsay if "the statement is offered against a party and is . . . the party's own statement . . . ."). Therefore, a debtor's schedules may be admissible as nonhearsay evidence to establish the validity and ownership of a claim against a debtor when the debtor is the party objecting to the claim. *See Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 506 (BAP 1st Cir. 2009) (addressing a proof of claim dispute), *citing Torgenrud v. Wolcott (In re Woldcott)*, 194 B.R. 477, 483 (Bankr. D. Mont. 1996); *see also In re: Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."). When Debtors listed Ocwen (who is the Creditor's agent and attorney in fact) in connection with the subject claim and obligation, the Debtors admitted both the validity of the debt at issue and Ocwen's involvement therewith, and should now be estopped from raising a real-party-in-interest argument over uncontroverted evidence that Ocwen was agent of both the original lender and current owner of the indebtedness.

6

## B. THE BANKRUPTCY COURT FOUND ALL OF THE ELEMENTS NECESSARY TO GRANT CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

At the preliminary hearing on Creditor's Motion for Relief, evidence was proffered that: 1) Creditor was the current owner of the debt identified in Debtors' Schedule D, which debt was secured by an interest in the subject property; 2) Debtors were in default of such debt obligation; and 3) that insufficient equity existed in the secured property. *See* ROA, Transcript, at pp. 6-7; ROA, Affidavit & Bond, Bk Docket No. 244; Debtors Schedule D and Amended Schedule D, Bk Docket Nos. 17 & 85, respectively; Loan Payment History, Bk Docket No. 244; ROA, Transcript at p.3, lns 1-6 (no equity). On appeal, Debtors do not challenge either default or valuation of the Property.

In attempting to attack Creditor's standing to bring its Motion, Debtors' rely on a series of cases out of the U.S. District Court of Nevada. In those cases, Mortgage Electronic Registration Systems, Inc. ("MERS"), a nominee of mortgage owners, filed motions for relief in a multitude of cases *with MERS as the movant*. The Nevada U.S. District Court consolidated twenty-seven cases for appeal. *MERS, Inc. v. Chong*, No 09-661 (D. Nev. 2009), cited by Debtors; *see also MERS, Inc. v. Medina*, Dist. Ct. Case No. 09-CV00670; 2009 U.S. Dist LEXIS 121998 (U.S. Dist. Nev. 2009). These Nevada cases are distinguishable from the instant facts because the Nevada motions for relief were prosecuted in the name of a nominee, without identifying the note or deed of trust holder. In the instant case, the Creditor, itself, has prosecuted the Motion for Relief in its own name and not in the name of a nominee. Creditor introduced evidence, accepted by the Court without any evidentiary objection by the Debtors, the original lender's Lost Instrument Affidavit identifying Creditor as the then-owner of the Note and Deed of Trust. ROA, Transcript at p.3, lns 9-13; Appellant Designation of Record and

Statement of Issues on Appeal, Bk Docket No. 254, Item No. 3, at pp. 3-6; Lost Note Affidavit ¶2, and Lost Instrument Bond, Bk Docket No. 244.

By virtue of the Lost Instrument Bond, Creditor and its surety have bound themselves to indemnify the public trustee in the amount of $930,000.00 in the instance that any third-party claims ownership of the subject debt. Creditor clearly demonstrated to the Bankruptcy Court through sufficient evidence of standing through affidavit, actual harm through default and guarantees of protection through indemnity to show, as the Bankruptcy Court found, that the Creditor has a "stake" in the subject matter of the motion.

Additionally, Debtors rely on *In re Jacobson*, 402 B.R. 359, 367-8 (Bankr. Wash. 2009) in which a motion for relief was brought by the servicer of a note, a party who could not enforce the note in its own right. The bankruptcy court held that once there is a challenge by debtor to standing, the movant must at least demonstrate who presently holds the note at issue or the source of movant's authority. In the instant case, Creditor, through the Affidavit and Bond, presented evidence attesting to Creditor's standing as the current owner of the debt at issue as well as the existence of protections by the Creditor upon competing claims by third-parties as to such ownership. *See* ROA, Transcript at p.3, lns 9-13; Appellants' Designation of Record on Appeal, Bk Docket No. 254, Item No. 3, at pp. 3-6 & Lost Note Affidavit, Bk Docket No. 244, at ¶2. At the hearing, Debtors simply contended that the Affidavit and Bond were insufficient to establish Creditor as a real party in interest because there was no assignment. Not only did the original lender's Affidavit confirm its assignment to Creditor by identifying Creditor as the current owner, such a Bond is sufficient under Colorado foreclosure law to entitle a holder who cannot produce an original evidence of debt to foreclose a properly recorded deed of trust. *See* C.R.S. § 38-38-101(1)(b)(I).

Finally, Debtors' assertion that the Lost Note Affidavit is without foundation or personal knowledge ignores the document's first paragraph. This paragraph of the Affidavit clearly states that the Affiant is the Manager of Document Control and Contract Management for the same entity listed in Debtors' schedules ("Ocwen"), acting as agent and attorney in fact for the originating lender—Finance America, LLC DBA FinAm LLC, the same entity to whom the note Debtor Charles D. Miles executed was payable. The recorded Deed of Trust, executed and acknowledged by Debtor before a notary public, clearly identifies the same payee as lender. The Affidavit further attests to the Creditor's ownership of the Note, which fact is supported by the Creditor's posting of the Bond. Such documentation and knowledge is sufficient to lay the proper foundation for its introduction into evidence and for the Bankruptcy Court's Order Granting Relief from Automatic Stay. ROA, Designation of Record on Appeal, Bk Docket #254, item 3, pp.3-6; Lost Note Affidavit, Bk Docket No. 244, at ¶1, 2 & 3.

## CONCLUSION

The schedules in Debtors' bankruptcy identifying the subject debt from which Debtors were ultimately discharged, and the documentary evidence and offers of proof submitted by Creditor and accepted by the Bankruptcy Court without evidentiary objection from Debtors clearly establish a record showing Creditor's interest in the claim, security in the Property, Debtor's default on the debt and Debtor's lack of any equity in the Property securing such debt. Based on such evidence and offers of proof, the Bankruptcy Court's determination that Creditor had provided the Court with all of the necessary elements to satisfy the legal requirements to obtain relief from stay under 11 U.S.C. § 362(d) was not an abuse of discretion. Having met the appropriate standard of review in this matter, Creditor respectfully requests this Court to affirm

the Bankruptcy Court's Order Granting Relief from Automatic Stay entered on December 4, 2009, and for all such other and further relief as this Court may seem just and proper.

Dated this 3rd day of March, 2010

**HELLERSTEIN & SHORE, P.C.**

/s/ Scott D. Toebben
David A. Shore, #19973
Scott D. Toebben, #19011
Dana M. Arvin, #18699
5347 S. Valentia Way, Suite 100
Greenwood Village, 80111
Telephone: (303) 573-1080
FAX Number: (303) 571-1271

## CERTIFICATE OF MAILING

I certify that on this 3rd day of March, 2010 I deposited a true and correct copy of Appellee's Answer Brief in the U.S. Mail, postage pre-paid, and served the same electronically, upon the following:

Mr. Barry Satlow, Esq.
Barry Satlow, P.C.
1951 Vista Drive
Boulder, Colorado 80304

Jeffrey L. Hill, Trustee
11911 S. Parker Road, Suite 207
Parker, CO 80134

U.S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202

/s/Kelley Griego