**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02973-CMA

In re: CHARLES DEMPSY MILES, JR., and
BARBARA JEAN MILES,

     Debtors/Appellants,

v.

WELLS FARGO BANK, N.A., Successor by merger to
WELLS FARGO BANK MINNESOTA, N.A., as Trustee
f/k/a Norwest Bank Minnesota, N.A, as Trustee for the registered holders of TERWIN MORTGAGE TRUST, ASSET BACKED PASS-THROUGH CERTIFICATES,

     Appellee.

---

**ORDER REGARDING BANKRUPTCY APPEAL**

---

This matter comes before the Court on the Debtors' appeal of an Order of the Bankruptcy Court granting a creditor's Motion for Relief from Stay. The Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a)(1), (c)(1) and FED. R. BANKR. P. 8001(e)(1) and 8002. For the following reasons, the Court affirms the Bankruptcy Court.

### I.  BACKGROUND

On April 4, 2003, Debtor/Appellant Charles Dempsy Miles, Jr. ("Charles Miles") executed a promissory note in the amount of $620,000.00 (the "Note") and executed the Deed of Trust to secure the Note. (*See* Doc. # 17 at 2, 7; Appellee's Brief, Doc. # 11 in this Appeal, at 5.) The Deed of Trust identifies the property as 4446 N. 109th Street,

Lafayette, CO, 80026. It identifies the lender and payee of the Note as Finance America, LLC d/b/a FinAm, LLC. (Doc. # 237 at 3, 5.)[1]

On March 4, 2005, Charles Miles and Barbara Jean Miles (the "Debtors") filed a Chapter 13 voluntary petition for bankruptcy. On the Debtors' schedules, in Schedule A, Real Property, the Debtors listed 36 acres of raw land, at 4446 N. 109th Street, Lafayette, CO, 80026 (the "subject property") with a value of $660,000.00. (Doc. # 17 at 2.) This property was listed as "currently in foreclosure." (*Id.*) In Schedule D, Creditors Holding Secured Claims, the Debtors listed Ocwen Mortgage as the creditor on the mortgage of the subject property, with a stated value of $660,000.00. (*Id.* at 7.)

On June 30, 2005, the Debtors filed a notice of voluntary conversion from Chapter 13 to Chapter 7. On January 3, 2006 the Debtors filed amended schedules. (Doc. # 85.) In the Debtors' Amended Schedule A, Real Property, the Debtors listed the subject property with a current market value of $760,000, while listing the amount of the secured claim as $660,000. (*Id.* at 2.) In Amended Schedule D, Creditors Holding Secured Claims, the Debtors again listed Ocwen Mortgage as the secured creditor for the 2003 mortgage against the subject property. (Doc. # 85 at 10.) On September 13, 2007, the Debtors were discharged pursuant to 11 U.S.C. § 727. (Doc. # 154.)

---

[1] "(Doc. # 237)" is an example of the convention used to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). In this Order, unless otherwise noted, the convention is used to identify the docket number in the Bankruptcy case, *i.e.*, Case Number 05-14002. This convention will be used throughout this order.

On November 5, 2009, Appellee Wells Fargo Bank, NA., successor by merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the registered holders of Terwin Mortgage Trust, Asset Backed Pass-through Certificates (the "Creditor") filed a Motion for Relief from Stay as to the subject property (Doc. # 237). Attached to this Motion was a deed of trust, but no promissory note. According to the servicer, the subject property was worth approximately $344,000, and the Debtors had not made a payment since February of 2004. (Doc. # 258 at 3; *see also* Doc. # 244 at 32.) In its Motion for Relief from Stay, the Creditor indicated that the debt secured by the property was $1,025,953.12. (Doc. # 237, at 2; *see also* Doc. # 244 at 32.)

On December 3, 2009, the Creditor filed a list of witnesses and exhibits in support of its motion. These included a Lost Note Affidavit and a Lost Instrument Bond. (Doc. # 244 at 1.) In the Lost Note Affidavit, the affiant, Denise A. Marvel ("Marvel"), states that she is the manager of document control and contract management for Finance America, LLC, DBA Finam, LLC, by its attorney-in-fact, Ocwen Loan Servicing, LLC. (Doc. # 244 at 3.) Marvel also states that:

> WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE F/K/A NORWEST BANK MINNESOTA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF TERWIN MORTGAGE TRUST, ASSET BACKED PASS-THROUGH CERTIFICATES, [the Creditor], is the owner of that certain loan or obligation evidenced by a certain Promissory Note, and Deed of Trust/Mortgage identified as follows:
> Original Principal Amount: $620,000.00
> Date of Deed of Trust/Mortgage: April 4, 2003

3

> Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR FINANCE AMERICA, LLC, DBA FINAM, LLC
> Recording Information: INSTRUMENT NO: 2440120
> Recording Date: May 13, 2003
> Interest Rate: _____% Maturity Date: _____
> Property Address: 4446 N. 109 th ST, LAFAYETTE, CO
> Official Records of BOULDER county.

(Doc. # 244 at 3.) Marvel also avers that "the original Promissory Note evidencing the loan was duly executed and delivered by the maker thereof, but has been lost or misplaced. The obligation it represents has not been paid, transferred, pledged, or hypothecated." (*Id.*) In the Lost Instrument Bond, the Creditor and its surety bound themselves to indemnify the public trustee in the amount of $930,000.00 in the instance that any third-party claimed ownership of the subject debt. (*Id.* at 4.)

On December 3, 2009, the Bankruptcy Court, after conducting a hearing on the Motion for Relief from Stay, concluded that it was undisputed that the Debtors did not have any equity in the property and that the Note was seriously in default. (*See* Doc. # 258 at 6.) The Bankruptcy Court also found that the bankruptcy trustee had no interest in the subject property.

The Bankruptcy Court noted that in their Response, and at the hearing, the Debtors disputed only the question of whether the Creditor was the owner of the debt. (*Id.* at 6.) Although not making any findings regarding who was the owner of the debt, the Bankruptcy Court nevertheless concluded that sufficient evidence existed to conclude that the Creditor had a stake in the subject property, and hence, qualified as a party in interest pursuant to § 362(d). (*Id.*)

On December 4, 2009, the Bankruptcy Court issued a written order granting the Creditor's Motion for Relief from Stay. (Doc. # 246.)[2] On December 18, 2009, the Debtors initiated the instant appeal of the Order of the Bankruptcy Court granting relief from stay. (Doc. # 249.) They assert the Bankruptcy Court erred by granting the Creditor relief without finding that the Creditor was the real party in interest and, in the alternative, if the Bankruptcy Court relied on the lost note affidavit to evidence interest, it erred because the affidavit is insufficient as a matter of law. (*See* Doc. # 8.)

## II.  DISCUSSION

**A.  STANDARD OF REVIEW**

The Bankruptcy Court's factual findings are subject to a clearly erroneous standard, while legal conclusions are reviewed *de novo*. *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010). The Bankruptcy Court's decision whether or not to lift the stay is subject to an abuse of discretion standard. *Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1023 (10th Cir. 1994) (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987)).

---

[2] Although in its written Order, the Bankruptcy Court stated that no Response had been presented by the Debtors, in the hearing, the Court acknowledged the Debtors' Response, as well as the issues raised by the Response. Any error in the Court's written Order regarding the receipt of a Response is harmless—it is clear that the Court considered the Response before issuing its Order.

**B.    RELIEF FROM STAY**

A voluntary petition for bankruptcy filed with the bankruptcy court operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362 (a)(4). Pursuant to 11. U.S.C. § 362(c),

> (1)   the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> (2)   the stay of any other act under subsection (a) of this section continues until the earliest of –
> > (A)  the time the case is closed;
> > (B)  the time the case is dismissed; or
> > (C)  if the case is a case under chapter 7 of this title . . . , the time a discharge is granted or denied.

11 U.S.C. § 362 (c)(1) and (2).[3] Here, the Creditor properly moved for relief from stay pursuant to 11. U.S.C. § 362(d), which provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) . . .
> > (1)   for cause, including the lack of adequate protection of an interest in property of such party in interest;
> > (2)   with respect to a stay of an act against property under subsection (a) of this section, if–
> > > (A)  the debtor does not have an equity in such property; and,
> > > (B)  such property is not necessary to an effective reorganization.

The Bankruptcy Court concluded that the Debtors did not have any equity in the subject property and that the Note was seriously in default. (Doc. # 258 at 6.) Because

---

[3] Pursuant to this Section, upon receiving a discharge in a chapter 7 case, the automatic stay is terminated as to any act against the debtor personally (as opposed to acts against the property of the debtor's estate). 11 U.S.C. § 362 (c)(2)(C); *see also In re Seminole Motors, Inc.*, 1989 U.S. Dist. LEXIS 15634 at *3-*4 (E.D. Ok. 1989) (unpublished opinion).

6

the Debtors converted their Chapter 13 reorganization case to a Chapter 7 liquidation case, there was no longer a reorganization pending and the subject property was thus not necessary to an effective reorganization. In addition, the bankruptcy trustee had no interest in the subject property. The Debtors do not dispute these conclusions; rather, they dispute whether the Creditor is a party in interest pursuant to 11 U.S.C. § 362(d) and the real party in interest pursuant to Fed. R. Civ. P. 17.[4]

The evidence shows the Creditor is the real party in interest. On their original and Amended Schedule D, Creditors Holding Secured Claims, the Debtors listed Ocwen Mortgage as the creditor on the mortgage of the subject property. (Doc. # 17 at 7; Doc. # 85 at 10.) In her affidavit, Marvel states that she is the Manager of Document Control and Contract Management for Ocwen Loan Servicing, LLC, acting as agent and attorney for the originating lender, *i.e.*, Finance America, LLC, DBA Finam, LLC. (Doc. # 244 at 3.) Therefore, by this affidavit, Marvel states that she manages contracts and document control for the entity the Debtors list in their schedules. (Doc. # 17 at 7; Doc. # 85 at 10.)

The Court notes that "[s]tatements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." *In re Bohrer*, 266 B.R. 200, 201 (N.D.Cal. 2001) (citing *In the Matter of Gervich*, 570 F.2d 247, 253 (8th Cir. 1978)). Ocwen Mortgage is listed on the debtors' bankruptcy schedules as the Debtors' creditor, and this is the entity the affiant swears

---

[4] Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17.

she works for as the Manager of Document Control and Contract Management. The Court has reviewed the affidavit and concludes, contrary to the assertion of the Debtors, the affidavit is made on personal knowledge and sets forth facts. (Doc. # 244 at 3, ¶¶ 1, 3.) The Court does not find any legal insufficiency in the affidavit. *Cf. SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 138 (2d Cir. 2009) ("for summary judgment purposes, 'a supporting or opposing affidavit must be made on personal knowledge'") (quoting Fed. R. Civ. P. 56(e)(1)); *Mosier v. Dallister, Nebeker & McCullough, P.C.*, 546 F.3d 1271, 1278 (10th Cir. 2008).

According to Marvel's affidavit, Ocwen Mortgage is acting as agent and attorney for the entity which is listed on the Deed of Trust, *i.e.*, Finance America, LLC, DBA FinAm, LLC. (Doc. # 237 at 3.) Marvel also affirms that the Creditor is the owner of the loan. (*Id.*, ¶ 2.)

Therefore, sufficient evidence exists from which to conclude that the Note is currently owned by the Creditor and that the Creditor is the real party in interest.[5] In addition, the undisputed evidence demonstrates that the Debtors do not have any equity in the subject property and the Debtors cannot utilize the subject property in any reorganization. Therefore, pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Creditor has established the necessary elements to obtain relief from stay. For these reasons,

---

[5] The Bankruptcy Court did not conclude that the Creditor was the real party in interest; however, it concluded that "there is sufficient evidence before the Court that [the Creditor] has a stake and – and that the bankruptcy trustee has no interest." (Doc. # 258 at 7.) Therefore, the Bankruptcy Court implied its conclusion that the Creditor was a party in interest pursuant to 11 U.S.C. § 362(d).

the Bankruptcy Court did not err in granting the Creditor's Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d).

## III. CONCLUSION

Accordingly, the Court AFFIRMS the Order of the Bankruptcy Court.

DATED: September  30 , 2010

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge